## CARROLLS v. COX & SHELLEY.

1. STATUTE OF FRAUDS: POSSESSION. Possession, to take a parol contract for the sale of real estate out of the statute of frauds, must have been taken and held by the actual or implied assent of the vendor, and under and by virtue of the contract.

*Appeal from Decatur District Court.*

### TUESDAY, JANUARY 5.

Cox & Shelley obtained a judgment against complainants in the Boone District Court, in October, 1858. In May, 1861, an execution issued on this judgment, and was levied upon some two hundred and forty acres of land in Decatur county. The object of this proceeding is to enjoin said sale, upon the ground that complainants had, by a verbal contract, sold to respondents one hundred and eighty acres of the land, which they were to receive in full satisfaction of the judgment. It is also averred that, in addition to satisfying the judgment, respondents were to convey to

complainants a certain lot in Boonsborough, as a part of the consideration for the land, and such conveyance is asked. The answer is in denial, generally and specifically. The cause was heard upon bill, answer, depositions and exhibits; the bill dismissed, and complainants appeal.

*J. A. Harvey* and *J. W. Warren* for the appellants.

*S. Forey* for the appellees.

WRIGHT, Ch. J.—Respondents insist that the contract set up in the petition is not established by the testimony; that if it is, it was verbal, related to land, and is therefore void under the statute of frauds, unless it is shown that there was a part performance, or possession taken under the contract.

Complainants concede that they must show possession, or part performance; maintain that they have done so, and that the decree below is, therefore, erroneous. Unless, therefore, the testimony sustains this proposition, it becomes immaterial to inquire whether the alleged contract was or was not made.

The law is well understood, of course, that, to take the case out of the statute, the possession must have been taken and held, with the actual or implied assent of the vendor, under and by virtue of the contract. (We remark, that there is nothing to show a part performance, nor any other circumstance claimed than that of possession, to take the case out of the statute.) Unless, therefore, the alleged possession was taken and held under and by virtue of the contract, the controversy is at an end. To prove this, the burden is upon complainants. And after examining all of the testimony, we cannot say that it was thus taken.

In the first place, it may well be doubted whether the alleged possession by a tenant was with the knowledge or consent of respondents, or of any person authorized to pro-

cure the same. Not only so, but if any possession was taken, it is by no means certain that it was held or continued by respondents, or with their assent or approval. But however these matters may be, the controlling consideration is, that the testimony fails to show possession under or by virtue of the contract. It seems that this land, with other tracts, had been sold under a prior execution issued upon this judgment, and bought in by respondents. This sale, however, was set aside for want of power in the officer to sell. Complainants left the land for Pike's Peak, or some place west. The entire premises were thus left unoccupied, and respondents, if they ever authorized possession to be taken, had reference more to their rights arising under such sale, and to preserve the property from injury or waste, than to the supposed contract. There is no direct evidence that they entered under the contract, unless it is found in the testimony of the complainants themselves. And their statements are more in the nature of conclusions than of facts to establish such conclusions. One of the respondents, however, who transacted the whole business, and the attorney who was acting for them, sufficiently rebuts any case made by appellants; and we cannot, therefore, consistently with our views of the testimony, do otherwise than affirm the decree below.

Affirmed.