## KNOLL VS. HARVEY.

A court should not decree a specific performance of a parol contract for the convey-
ance of land, even where there is a preponderance of testimony in favor of the
existence of such a contract, if either the making of the same or its essential
terms are left in doubt.

The possession of the land by the plaintiff, and his making improvements thereon,
will not take the case out of the Statute of Frauds, if such possession is not re-
ferable exclusively to the contract.

*Blanchard v. McDougal*, 6 Wis., 167, followed.

APPEAL from the Circuit Court for *Winnebago* County.

The case is sufficiently stated by the court. The circuit
court rendered a judgment in favor of the plaintiff; and the
defendant appealed.

*C. Coolbaugh*, for appellant.

*Wheeler & Kimball*, for respondent.

*By the Court*, DOWNER J. This is an action brought to com-
pel a specific performance of an alleged parol contract for the
conveyance of ten acres of land. The contract is denied by
the answer of the defendant duly verified. At the trial, the
plaintiff and defendant both testified as witnesses, one to the
making of the parol contract and the other denying that he
ever made any such contract. There was also other testimony
on the part of the plaintiff to prove the parol contract. His
son and son-in-law both testified to the making of the contract,
or to facts tending to prove it.

On the part of the defendant, Ransom Wilber testified: "I
have had conversation with the plaintiff in regard to this land ;
the first conversation was about three years ago : a year ago
last winter I heard the plaintiff say that he had got to have a
piece of that land of defendant, so as to have a place to water
his stock. He said he wanted ten acres, but did not know as
he should be able to buy so much, but should try and buy five
acres, even if he could not buy any more." This appears to
us inconsistent with the idea that he had made, several years

before, a parol contract under which he was then in possession of the land.

We are however inclined to the opinion that the preponderance of the testimony is in favor of the existence of the parol contract; but we do not think it entirely clear or free from doubt; and if the making of the contract or its essential terms are left in doubt, a specific performance ought not to be decreed. In this case the plaintiff was in possession of the land at the time the defendant purchased it of the United States, and had then made a part of the improvements on the same. His possession, therefore, and the acts done by him are not referable exclusively to the contract, as they ought to be in order to take the case out of the Statute of Frauds. On the whole we think to decree a specific performance in this case would be to encourage the very evils the statute of frauds was intended to prevent, and to overrule the decision of this court in the case of *Blanchard v. McDougal,* 6 Wis., 167.

The judgment of the court below is reversed, with costs, and the circuit court directed to dismiss the complaint.