## MAHANA V. BLUNT.

1. **Statute of frauds: PLEADINGS: ISSUE.** The plaintiff in his petition alleged that on a certain day named, he entered into a verbal contract with the defendant for the purchase of certain real estate; the answer denies that on the day named the defendant entered into such contract; denies that at the time stated the defendant, by any valid contract, agreed to sell and convey the real estate as set forth; and denies that the defendant made any lawful contract with the plaintiff for the sale of the real estate upon the terms alleged: *Held,* That the allegations of the petition were sufficiently denied in the answer to put the plaintiff upon proof of the contract by competent evidence.

2. —— **POSSESSION: TENANT.** The continuance in possession by a tenant, cannot be deemed such a part performance or taking of possession under a contract to purchase, as to take the case out of the statute of frauds. The possession must unequivocally refer to and result from the agreement.

*Appeal from Floyd District Court.*

TUESDAY, FEBRUARY 6.

THIS is a suit in equity to enforce a specific performance of a parol contract for the sale of real estate. Judgment for the defendant. The plaintiff appeals.

*Starr & Patterson* and *A. G. Case* for the appellant.

*G. G. & R. G. Reiniger,* and *Finch, Clark & Rice,* for the appellee.

COLE, J. — The plaintiff, in his petition, alleges that, on a certain day named, he entered into a verbal contract with defendant for the purchase of certain described real estate, upon terms set forth in the petition.

1. STATUTE OF FRAUDS: pleading: issue.

The defendant, in his answer, denies that, on the day named, the plaintiff entered into a verbal contract for the purchase of defendant of the real estate described; denies that, at the time stated, defendant, by any valid contract, agreed to sell and convey the real estate as set forth; and denies that the defendant made any lawful con-

tract with the plaintiff for the sale of the real estate upon the terms as stated.

Our statute provides, that no evidence of any contract for the creation or transfer of any interest in lands, except leases for a term not exceeding one year, is competent, unless it be in writing and signed by the party charged or by his authorized agent. Rev., §§ 4006, 4007. The statute then declares, that such provision does not prevent the enforcement of those contracts which are not denied in the pleadings. Rev., § 4009.

It is insisted, that the answer of defendant in this case does not present such a denial as to prevent the enforcement of the contract; that it only contains a denial as to the time, and as to the valid or lawful contract. But the answer contains an almost literal traverse of the allegations of the petition, and certainly amounts to such a denial, as to defeat any right to a default, or the taking of a judgment by confession, and fully sufficient to put the plaintiff upon the proof of his contract by competent evidence. The rigid construction claimed by the plaintiff, is not supported by either the letter or spirit of the Code.

Our statute also provides, that the oral testimony of the party sought to be charged with liability upon such verbal contract, may be received as competent evidence to establish it. Rev. § 4010. The defendant was called as a witness, but there was an entire failure to establish the contract by his evidence, and the plaintiff cannot claim any relief upon his testimony.

The evidence shows, that for near two and a half years prior to the alleged verbal contract, the plaintiff had been 2. —— possession: tenant. in the occupancy of the premises in controversy, as the tenant of the defendant. As another ground or basis of relief, the plaintiff claims that he had taken and held possession of the premises under the contract of purchase. Our statute provides, that such verbal contracts are valid, when the vendee, with the actual or

implied consent of the vendor, has taken and held possession thereof under and by virtue of the contract. Rev., § 4008. This is the same provision, in substance, as held by the courts to be contained in the statute of frauds of 29 Car., 2.

The possession of the premises by the plaintiff, is abundantly proven in this case : and if such possession was distinctly referable to the title under the verbal contract, there would be no difficulty in the case. But this plaintiff was a tenant of the defendant at the time of the alleged verbal contract for purchase : and it has been repeatedly held, and is now a well settled doctrine, that the continuance in possession by a tenant, cannot be deemed a part performance or to be such possession as to take the case out of the statute. The possession must unequivocally refer to and result from the agreement. 1 Sugden on Vend. and Pur., 162, 163, and notes and authorities there cited ; *Johnston* v. *Glancey et al.*, 4 Blackf., 94 ; *Carrolls* v. *Cox and Shelly*, 15 Iowa, 455.

There is no proof in this case, showing any taking of possession under the contract, or of any change of the manner of holding possession from that of tenant, and there is, therefore, a failure to bring the case within the exception of the statute.

While there may be sufficient testimony in the case, if the same was competent, to satisfy us that there was a verbal contract, as claimed by the plaintiff, yet we are prohibited by the statute from making it the basis of the relief asked ; and the wisdom of the statute has been verified by the experience of ages, and is too well grounded and settled, to either justify or allow us to infringe upon its letter or spirit, even in a case of apparent hardship or faithlessness. *Hite* v. *Wells*, 17 Ill., 90. There is left to us no alternative, but to order that the judgment of the District Court be                                        Affirmed.