HARPER *et al.* v. SEXTON *et al.*

1. **Tax sales:** DEFECTIVE DEED. A tax deed which shows upon its face that several tracts of land were sold together for a gross sum, is void. The cases of *Boardman* v. *Bourne* (20 Iowa, 138), and *Byam* v. *Cook* (21 Id.), followed and approved.

2. **Equity:** SPECIFIC PERFORMANCE. Courts of equity will not interfere to decree a specific performance, except in cases where it would be strictly equitable to make such a decree; nor, where from a change of circumstances it would be unconscionable to enforce it.

3. Tax sale: CROSS PETITION AGAINST TREASURER. A tract of land was sold at tax sale for an amount nearly three times greater than was due, and the treasurer's deed to the purchaser conveyed the same, with other parcels in bulk, for a gross sum. Suit in equity being commenced by the owner against the purchaser to set aside the tax deed, defendant filed a cross petition against, and making the county treasurer a party, alleging that the land was in fact sold in parcels, and *not* in bulk as stated in the deed, and asking that he be compelled to execute a new and valid deed accordingly: *Held*, that it not being strictly equitable, a court of chancery would not, as against the owner, compel such conveyance.

### *Appeal from Dallas District Court.*

### MONDAY, JULY 1.

SUIT in equity by plaintiffs, who are the owners of a certain eighty acres of land lying in Dallas county, to set aside a tax deed thereof, held by the defendants. The petition avers *seriatim* and in detail, a failure by the officers of the law to comply with any of the several steps prescribed by statute, in order to a regular tax sale of the land in controversy. It is then averred that the sale was void, because of actual fraud; and the petition sets out the acts of the treasurer and defendants, upon which the allegation of fraud is based—such as, the treasurer being the agent of the purchaser; there being no public sale; no sale at all, but a mere private arrangement or setting down of the land to defendant, long after the time fixed for the tax sale; and other facts. It is also especially averred (and was afterward proved) that the property was sold in 1861, professedly for the taxes of 1858, and for the aggregate amount of nine dollars and seventy-one cents; that six dollars and twenty-five cents of this sum was for an alleged unpaid school-district tax for 1856, levied by the district officers, and certified by them to the county treasurer as unpaid; that this school-district tax was placed on the tax books by

the county treasurer, in 1861, and after the law authorizing such district levy, etc., was repealed. It was also averred that plaintiff had offered to redeem, which defendants refused to permit, and that the tax deed was void upon its face, for the reason that it appeared therefrom that many tracts of land (including the plaintiffs') were sold "in a lump" for an aggregate sum. The petition asked to set aside the sale and deed, and that plaintiff be allowed to redeem, and for all other proper relief, etc.

The defendants demurred to portions of plaintiffs' petition, which was sustained in part, and thereupon plaintiff amended. Another demurrer was then filed with like result. The defendants then traversed the petition and amendments. The issues were tried, pursuant to agreement, by the second method, to the court — the Hon. CHARLES C. NOURSE, Judge. The cause was taken under advisement till the next term. During the vacation, Judge NOURSE resigned, and the Hon. H. W. MAXWELL was appointed by the Governor to fill the vacancy.

At the next term, on motion of the defendants, the submission was set aside. The case of *Boardman* v. *Bourne* (20 Iowa, 134), having in the mean time been decided by this court, the defendants asked and obtained leave to amend their answer and make the same a cross petition against F. S. Graham, the county treasurer, who made the tax sale and executed the tax deed, and who was still in office. This cross petition averred that the sale was in separate tracts; that the tax deed did not truly state the facts in that particular, and asked that the treasurer be required to execute a new and valid deed.

The cause was again tried to the court. The court held that the tax sale was a fraud upon plaintiffs' rights, and set aside the sale and deed, and refused the relief asked by the defendants; but ordered the payment of

the legal taxes and interest to them. The defendants appeal.

*J. R. Reed* for the appellants.

*S. Sibley* for the appellees.

COLE, J.—We do not feel called upon to pass upon the question of fact determined by the District Court, to wit: as to whether there was actual fraud in the sale of the plaintiffs' land for taxes, as claimed by the petition; and this for the reason that the judgment must be affirmed upon another and very clear principle of equity and rule of equity practice.

The tax deed in this case is the same in substance as the deeds in the case of *Boardman* v. *Bourne* (20 Iowa, 1. TAX SALES: 134), and in *Byam* v. *Cook* (21 Id.), and almost
defective
deed. identical in language with the latter. For the reasons stated in the first named case, which were approved and followed in the last, both being well-considered cases, the tax deed under which defendants claim is void upon its face, and cannot, of itself, be any evidence of a right or title in them.

The relief asked by the defendants, to wit: that the treasurer execute a deed to them pursuant to the contract 2. EQUITY: of tax sale, is in the nature of asking a court
specific per-
formance. of equity to decree a specific performance. It is doubtless true, that the relief asked by defendants in this case, as against the treasurer, might, in a proper and clear case, be obtained by a proceeding in *mandamus* (Blackwell on Tax Titles [1st ed.], 440), or possibly by suit in equity. *Crum, Treasurer,* v. *Cotting et al.,* decided at the present term.

It is a general rule that courts of equity will decree a specific performance when the contract is in writing, is certain, is fair in all its parts, *is for an adequate consider-*

*ation*, and is capable of being peformed, but *not otherwise.* Story's Eq., § 751. It is also equally a general rule that courts of equity will not interfere to decree a specific performance except in cases where it would be strictly equitable to make such a decree. Story's Eq., § 750. Nor will a court of equity decree such performance where the contract is founded in fraud, imposition, mistake, undue advantage or gross misapprehension; or where, from a change of circumstances or otherwise, it would be unconscientious to enforce it. Id., § 750, *a.*

Although the proofs in this case do not satisfy us, as they did the learned judge who tried the cause in the District Court, that there was actual fraud in the tax sale; yet, in view of the well-settled rule, that the finding of the court upon a question of fact, like the verdict of a jury, ought not to be disturbed unless clearly against the weight of evidence, perhaps we ought not to disturb such finding. But without passing upon this question of fact, we place our affirmance upon the well-settled equity rules stated *supra.* In our view, it would not be strictly equitable to compel a conveyance of the plaintiffs' real estate to the defendants, for the consideration of three dollars and forty-six cents, the amount of the legal taxes bid and paid by defendants. This want of equity is made more intensely apparent by the fact that the amount bid by defendants was nearly three times this amount, and the excess of which, over the legal tax, can doubtless be recovered by them from the county treasury under section 762 of the Revision. To enforce a specific conveyance of plaintiffs' real estate for a consideration so clearly inadequate, and that, too, for a little over one-third of the amount the defendants, by their bid, agreed to pay, would be an abuse of our equitable discretion as well as violative of the well-settled equity rules above stated.

*3. TAX SALE: cross petition against treasurer.*

We do not pass upon the effect of the Revision (§ 762), on a tax sale made for an amount largely more than the legal tax, as developed by the facts in this case; but affirm the judgment upon the single ground above stated.

Affirmed.