## WILMER v. FARRIS.

1. **Specific Performance**: CONTRACT: EVIDENCE. When an alleged contract is supported only by the testimony of the plaintiff, corroborated by admissions made in conversations with third persons, and is positively denied by the defendant, specific performance will not be decreed.

2. **Statute of Frauds**: SALE OF REALTY: SPECIFIC PERFORMANCE. Specific performance will not be enforced of a parol contract for the sale of real estate by one partner to another, where the only change of possession is the withdrawal of the vendor and the continuance of the vendee in possession.

3. **Specific Performance**: INEQUITABLE CONTRACT. Specific performance of an inequitable contract will not be decreed.

*Appeal from Buchanan District Court.*

FRIDAY, MARCH 19.

THIS is a suit in equity to enforce the specific performance of an alleged contract of sale, by parol, of the plaintiff's equal and undivided interest as a partner with defendant in certain real estate, being six lots in the town of Jessup, with a valuable stone elevator and other buildings thereon; and also the sale of his interest in the partnership business of buying and selling wheat, coal, lumber, implements, etc. The defendant denies the alleged contract and claims set up by the plaintiff. The cause was tried to the court, who found for defendant, and rendered judgment accordingly. The plaintiff appeals.

*Wm. Mills & Son* and *William Graham*, for appellant.

*Boies, Allen & Couch*, for appellee.

Wilmer v. Farris.

COLE, J.—We must affirm this judgment, because: *First*. The plaintiff has failed to prove, satisfactorily, the alleged

1. SPECIFIC performance: contract: evidence.

contract and its definite terms. The plaintiff alone testifies to the contract, while the defendant with equal positiveness denies it under oath as a witness; and the only corroboration of plaintiff consists of admissions by defendant in conversations with third persons —a kind of evidence the law recognizes as weak and unsatisfactory, and some of which, in this case, may be accounted for upon the ground that the defendant *expected* to make the purchase, and others of them upon other grounds, tending to negative their title to any credit as corroboratives. *Noel v. Noel*, 1 Iowa, 423, and cases cited in note *b*. of COLE's edition.

*Second*. The alleged contract was for the sale of an interest in real estate, and exists only in parol. The only alleged

2. STATUTE of frauds: sale of realty: specific performance.

change of possession was that plaintiff claimed to withdraw from the management of the partnership business, leaving the defendant alone in possession of the property and business. This does not show that the defendant " has *taken* and held possession under and by virtue of the contract," so as to make the parol evidence competent under the statute of frauds, or take the case out of the statute. The possession must unequivocally refer to and result from the agreement. Here, the defendant merely *continued* in possession; the case is not unlike a sale to a tenant, in which the continued possession by the tenant has been held insufficient. *Mahana v. Blunt*, 20 Iowa, 142, and authorities cited.

*Third*. The evidence tends to show that the alleged price agreed to be paid for the property was very largely in excess

3. SPECIFIC performance: inequitable contract.

of its real value, so much so as to show it to be inequitable. *Harper v. Sexton*, 22 Iowa, 442, and authorities cited; *Gilroy v. Alis*, 22 Iowa, 174.

These are our conclusions, and we deem it unnecessary to review the evidence, which is very voluminous and conflicting.

AFFIRMED.