## PHILLIPS *v.* JONES.

### Opinion delivered May 14, 1906.

1.  STATUTE OF FRAUDS—PART PERFORMANCE.—A bill' for specific perform-
    ance which alleges that plaintiff occupied and formerly owned the
    land as mortgagor in possession, that while she remained in posses-
    sion after foreclosure defendant agreed to resell her the land for
    a stated sum, and that she continued in possession, paid the taxes,
    made valuable improvements, and paid part of the agreed price,
    states such part performance as takes the case out of the statute
    of frauds. (Page 102.)

2.  STATUTE OF LIMITATIONS—JUDICIAL SALES.—Where a mortgagee pur-
    chased at foreclosure sale, and subsequently contracted to resell
    the land to the mortgagor, a suit to enforce specific performance
    of the latter contract is. not a suit to recover land sold at judicial
    sale, within the five years statute of limitation (Kirby's Digest,
    § 5060). (Page 104.)

3.  SAME—PERSON IN POSSESSION.—The five years statute of limitation
    (Kirby's Digest, § 5060) does not run against one in possession
    of the land in controversy. (Page 104.)

4.  PLEADING—INDEFINITENESS—REMEDY.—A defect in a bill for the specific
    performance of a verbal sale of land consisting of a failure to allege
    the time which was agreed upon within which the contract should be ·
    performed may be reached by a motion to make the complaint more
    definite and certain, and not by demurrer. (Page 104.)

Appeal from Jefferson Chancery Court; *John M. Elliott,*
Chancellor; reversed.

*John Hallum,* for appellant.

Where the purchaser of lands under a parol agreement has
been put in possession, under a part performance of contract, it
need not be in writing. Receipt of purchase money in part per-
formance takes the case out of the statute of frauds. 19 Ark.
23; *Ib.* 48; Tiedeman on Eq. Jur. § 296, and authorities cited; *Ib.*
§ 309. Letters, indorsements, receipts, verbal acknowledgments
and admissions are sufficient to take the case out of the statute of
frauds. 3 Gratt. 339; 43 Pa. St. 170; 1 John. Ch. 131; 34 N. Y.
312; Washburn, Real Prop. 215. Receipt of part payment cre-
ates an· implied trust as between the vendor and vendee. 3
Vesey, 707; 1 P. Williams, 322; 33 Beavan, 540; 5 John. Ch.
1; 6 Cowen, 706; 65 Me. 500; 1 John. Ch. 339; 14 Mo. 281; 2

Pick. 29; 16 Mass. 221; 15 Vt. 525; 2 Sumner, 468; 1 Strob. Eq. 363. Neither can avoid the resulting trust. 5 Ark. 497; *Ib.* 419.

*W. D. Jones, pro se.*

No resulting trust arises in opposition to the clear intention of the parties. It is a question of intention. 10 Am. & Eng. Enc. Law, 13, 14; Perry on Tr. 130; Underhill on Tr. 164 and note 5; 27 Ark. 177; 47 Ark. 111; 40 Ark. 62; 54 Ark. 499. A writing must be of such nature that the party must be believed to have intended to create a trust before it will be construed as such. 9 Am. Dec. 256; 26 Ark. 240. See also 57 Am. Dec. 607. The writing on which the complaint is based is not sufficiently definite to indicate the intention of the parties, and parol proof would not be admissible to aid it. The contract to enforce such demand must be definite as to the purpose for which it is given, the consideration and the description of the property to be conveyed. 51 Ark. 483; 56 Ark. 131; 11 L. R. A. 143.

McCULLOCH, J. This is a suit in equity brought by appellant against appellee to require specific performance of an alleged verbal contract to convey certain real estate, a lot in the city of Pine Bluff. Appellant owned and occupied the real estate in question, and mortgaged it to certain persons as security for a debt of $250, who foreclosed the mortgage in chancery, and appellee purchased the lot for $190 at a sale made by the commissioner of the court. His purchase was confirmed, and a deed was executed by the commissioner and approved by the court. The sale to appellee was confirmed, and deed made on October 12, 1897. Appellant alleges in her complaint herein that appellee, shortly after the conveyance to him of the property by the commissioner, entered into an oral contract with appellant, whereby he agreed that if she "would pay him the amount he had paid out he would cancel the mortgage and reconvey the property to her." That she paid him the sum of $60 on said purchase price, and that he executed to her in writing a receipt for the same, which receipt, bearing date May 16, 1898, is exhibited with the complaint, and that he agreed with her that he would thereafter receive the balance of the principal and interest on the amount paid for the property. That she remained in possession of the property, and made improvements thereon to the value of $25,

paid some of the taxes, and thereafter offered to pay appellee the full amount of said agreed purchase price, but that appellee had refused to accept said sum or to perform his contract. She further alleged that appellee had wrongfully caused her to be ejected from said premises under a writ of unlawful detainer against one Eliza Denny.

The court sustained a demurrer to the complaint, and the plaintiff appealed.

The first and main question presented is: Does the complaint state facts, with reference to the alleged contract of sale of land, sufficient to satisfy the statute of frauds? It is stated, in substance, that appellant occupied and formerly owned the land as mortgagor in possession, that while she remained in possession after foreclosure appellee agreed to sell her the land for a stated sum, and that she continued in possession, made valuable improvements, and paid a part of the agreed price.

It has been held by this court that delivery of possession of land to the vendee under a parol contract of purchase takes the case out of the operation of the statute of frauds. *Pindall* v. *Trevor,* 30 Ark. 249; *Pledger* v. *Garrison,* 42 Ark. 246. It seems to be well settled by the authorities generally that possession alone, without payment or other acts of ownership, is sufficient part performance of an oral contract for the sale of land to sustain a decree for specific performance. Browne, Stat. Frauds, § 467, and cases there cited. But possession alone, in order to be sufficient, must be taken pursuant to the contract and with reference thereto. Where the alleged purchaser is already in possession as tenant or otherwise, and merely continues in possession after making the contract, that alone is not sufficient to take the case out of the operation of the statute. Under those circumstances the possession is referable to the original holding as tenant or otherwise. Browne, Stat. Frauds, § 476.

Consequently, this court held in *Moore* v. *Gordon,* 44 Ark. 334, that where the husband of one of the tenants in common, who purchased the interest of his wife's cotenant under parol contract, had been in possession by virtue of his wife's interest in the land, his continued possession alone was not sufficient to warrant a court of equity in decreeing specific performance, but that the making of substantial improvements on the land was sufficient

to take the contract out of the statute of frauds. The court there said that "possession, to have that effect, must have been taken under the contract, and with a view to it, and in pursuance of its provisions."

While the continued possession, because of the fact that it may be referable to the antecedent right and not necessarily to the new right or estate created by the contract, alone, is insufficient to prevent the operation of the statute, yet, when accompanied by some further acts, such as payment of part of the purchase price or making substantial and valuable improvements which characterize the continued possession and make it referable to the new relation created by the contract, the two together are sufficient to satisfy the statute.

In the recent edition of Pomeroy on Equity Jurisprudence, vol. 6, § 820, it is said that, "as possession must be taken in pursuance of a contract, a mere holding over by a tenant after the expiration of his lease is not sufficient part performance to take the case out of the statute. Where, however, there is a change in the terms of the tenancy, as, for instance, in the amount of rent paid, or where the tenant makes substantial repairs or improvents, such circumstance, in connection with the possession, is sufficient to warrant relief."

Prof. Pomeroy, in his work on the subject of specific performance of contracts (section 124), says: "It is, therefore, now settled, after some expressions of doubt, and with a few conflicting decisions, that possession by a tenant after the expiration of his former term, and payment by him of an increased rate of rent, are together a part performance of a verbal contract for a renewal of the lease. In the like manner, such possession, either before or after the end of the term, and a payment which could not be referred to the old rent, but could be explained on the supposition of a contract, should be part performance of a contract by the lessor to sell and convey the land"—citing Lord Loughborough in *Wills* v. *Stradling*, 3 Ves. 378, and other English cases.

The complaint in this case alleges that the plaintiff remained in possession of land, paid part of the purchase price and a portion of the taxes, and made valuable improvements. These acts, taken together, constituted such part performance as took the case out of the statute of frauds.

It is contended by appellee that the cause of action in the complaint was barred by the five years statute of limitations. This contention can not, for two reasons, be upheld: In the first place, this is not a suit to recover land held under a judicial sale. Appellant is not contesting the validity of the sale. She expressly recognizes its validity and the strength of appellee's title thereunder, but she seeks a performance of appellee's alleged agreement to convey that title to her. In the next place, it is alleged that appellant remained in possession, which prevented the running of the statute against her. The statute of limitation does not run against one in possession of land. *Coleman* v. *Hill,* 44 Ark. 452.

The complaint is defective in failing to allege the time agreed upon within which the contract was to have been performed, but the defect should have been met with a motion to make the complaint more definite and certain. It could not be reached by demurrer, as it was a cause of action defectively stated, and not a failure to state facts sufficient to constitute a cause of action. In the absence of an allegation of a definite time, the law presumes that the contract was to be performed within a reasonable time.

The chancellor erred in sustaining the demurrer, and the decree is reversed, and cause remanded with directions to overrule the same, and for further proceedings.

BATTLE, J., (dissenting.) Section 3654 of Kirby's Digest provides, in part, as follows: "No action shall be brought * * * to charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them, * * * unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized." Courts of equity will, however, enforce a specific performance of a contract within this statute where the parol agreement has been performed by a party to an extent which will place him in a situation which is a fraud upon him, unless the agreement is fully performed. They will not permit the statute, which was designed to prevent frauds, to be made the instrument of fraud. *McNeil* v. *Jones,* 21 Ark. 278; *Terry* v. *Rosell,* 32 Ark. 478; *Johnston* v. *Glancy,* 4 Blackf. 98; *Greenlee*

v. *Greenlee,* 22 Pa. St. 235; 2 Story's Equity Jurisprudence, § § 759, 761; Browne, Statute of Frauds (5 Ed.), § 448; Wood, Statute of Frauds, § § 483, 496.

Judge Story says: "But a more general ground, and that which ought to be the governing rule in cases of this sort, is that nothing is to be considered as a part performance which does not put the party into a situation which is fraud upon him unless the agreement is fully performed." 2 Story's Equity Jurisprudence, § 761.

In *Derr* v. *Ackerman,* 182 Pa. St. 596, the court said: "In order to take a parol contract for the sale of land out of the operation of the statute of frauds, its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must define the boundaries, and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. Also it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make a rescission inequitable and unjust."

Pomeroy on Contracts says: "The acts of part performance must be done in pursuance of the agreement; must unequivocally refer to and result from the agreement; or, in other words, clearly showing that there exists some contract between the parties, they must be exclusively referable thereto; it must appear that they would not have been done except on account thereof, and they must be consistent with the contract alleged. When parol evidence has been admitted to prove the agreement in suit, the acts of part performance must be clearly and exclusively referable to and in pursuance of its terms. Undoubtedly much of the general language found in the case is intended to describe the necessary correspondence between the acts of part performance and the agreement alleged, after it has thus been established by the evidence directly introduced for that purpose. The theory upon which equity proceeds in this branch of its jurisdiction is well established, and, if rightly understood, it will harmonize all the cases and remove all occasion of doubt or confusion. A plaintiff can not,

in the face of the statute, prove a verbal contract by parol evidence, and then show that it has been partly performed. This course of proceeding would be a virtual repeal of the statute. He must first prove acts done by himself, or on his behalf, which point unmistakably to a contract between himself and the defendant, which can not, in the ordinary course of human conduct, be accounted for in any other manner than as having been done in pursuance of a contract, and which would not have been done without an existing contract; and although these acts of part performance can not, *of themselves,* indicate all the terms of the agreement sought to be enforced, they must be consistent with it and in conformity with its provisions when these shall have been shown by the subsequent parol evidence. It follows, from this invariable rule, that acts which do not unmistakably point to a contract existing between the parties, or which can be reasonably accounted for in some other manner than as having been done in pursuance of such a contract, do not constitute a part performance sufficient in any case to take it out of the operation of the statute, even though a verbal agreement has actually been made between the parties. It is for this reason, among others, that payment of the purchase price, in whole or in part, is not of itself a sufficient performance to obviate the statute, because the mere payment of money by one man to another does not, in the ordinary course of human conduct, indicate the existence of a contract between them; the fact of such payment is reasonably explicable in many other ways than as having been done in pursuance of a contract. For a like reason, the mere possession of the premises by a tenant, continued after the expiration of his term, is not a sufficient part performance of a verbal contract to renew the lease or to convey the land, because such possession may be as reasonably and naturally explained by his holding over as by an agreement to renew or to convey; in other words, it does not unequivocally point to the existence of a contract between the parties, but is referable to another cause. The rule is general in its application and fundamental in principle, that acts which are referable to something else than a verbal agreement, and which may be ordinarily otherwise accounted for, do not constitute a sufficient part performance of it." Section 108; Browne, Statute of Frauds (5 Ed.), § 454;

Waterman, Specific Performance, § 261; *Billingslea* v. *Ward,* 33 Md. 48.

"Possession alone of land, under a verbal contract, when delivered to the vendee or lessee, or taken by him with the consent of the vendor or lessor, òr with the knowledge which implies such consent, is an act of part performance which takes the case out of the statute of frauds, even without the additional circumstances of the payment of consideration, or the making of improvements. Such possession must be taken and held with the intent of carrying out and executing the agreement; it must be actual, definite and exclusive, in pursuance and consequence of, and exclusively referable to, the contract; must be subsequent in point of time to the contract; and, with the probable exception of a new agreement between a tenant and his landlord, the act of taking possession must be performed after, or at all events simultaneously with, the conclusion of the contract between the parties." Pomeroy on Contracts, § § 115-125; *Moore* v. *Gordon,* 44 Ark. 334; *Sutton* v. *Myrick,* 39 Ark. 424; *Aitkin* v. *Young,* 12 Pa. St. 15; *Christy* v. *Barnhart,* 14 Pa. St. 260; *Pearson* v. *East,* 36 Ind. 27; *Emmel* v. *Hayes,* 102 Mo. 186; *Hutton* v. *Doxsee,* 116 Iowa, 25; *Knoll* v. *Harvey,* 19 Wis. 99; *Mahana* v. *Blunt,* 20 Iowa, 142; *Armstrong* v. *Kattenhorn,* 11 Ohio, 265; *Johnston* v. *Glancy,* 4 Blackf. 98, 99; *Greenlee* v. *Greenlee,* 22 Pa. St. 225-237; *Kaufman* v. *Cook,* 114 Ill. 14; *Barnes* v. *Boston & Maine R. Co.,* 130 Mass. 388; Browne, Statute of Frauds (5 Ed.), § § 472, 476, 477, 478, 480.

In *New Orleans* v. *Gaines,* 138 U. S. 594, the court, in speaking of the possession that is a sufficient part performance of a verbal agreement for the sale of land, and will take it out of the statute of frauds, said: "In short, it must be a new possession *under the contract,* and not merely the continuance of a former possession claimed under a different right of title."

In *Green* v. *Groves,* 109 Ind. 519, the court held that "a verbal contract by a creditor with the wife of his debtor that in consideration that she shall join her husband in a mortgage of real estate belonging to the latter, thus releasing her inchoate interest, he will, upon acquiring title through foreclosure and sale, convey to her a certain part of the property, is a parol contract for the sale of the land within the meaning of the statute of frauds;" and that neither the possession of the wife of the land at and be-

fore the agreement and continued thereafter until and after the complete performance of the contract on her part and the fore- closure of the mortgage, nor the payment of the consideration would take the contract out of the statute of frauds, and entitle her to a specific performance. *Carlisle* v. *Brennan,* 67 Ind. 12, is to the same effect.

In *Peckham* v. *Balch,* 49 Mich. 179, it was held that "a verbal agreement to convey land being void under the statute of frauds, a bill against a wife to compel a conveyance, even though her husband made the agreement and received the consideration with her full knowledge and consent, can not be maintained where there is no such part performance as will take the case out of the statute;" and that, "the complainant being a tenant in common of the property, his continued possession would not be sufficient." See *Mahana* v. *Blunt,* 20 Iowa, 142. In *Wilmer* v. *Farris,* 40 Iowa, 309, it was held that "specific performance will not be enforced of a parol contract for the sale of real estate by one partner to another, where the only change of possession is the withdrawal of the vendor and the continuance of the vendee in possession."

Courts of equity enforce the performance of a verbal contract to sell land, where there has been a part performance, in order to prevent fraud. They interfere only where the contract has been the means of leading a party into a situation which is a fraud upon him, unless the agreement is fully performed. When the vendee was in possession of the land at the time the contract was made, and that possession has been unchanged, he has not been injured or affected by the contract in that respect. Neither would his situation be so changed by the payment of the purchase money as to make the enforcement of the contract by a court of equity necessary to prevent fraud, for he could recover the purchase money and interest (*Johnson* v. *Craig,* 21 Ark. 533) ; nor would his situation be so changed by making improvements of so little value as to be compensated by the temporary enjoyment of the land (*Moore* v. *Gordon,* 44 Ark. 341). In such cases there is no occasion for the interposition of a court of equity for the protection of the parties or either of them.

Possession by a purchaser, under a verbal contract to sell or convey land, does not, of course, relieve him from the performance of the conditions he is bound to do by the terms of his con-

tract before he will be entitled to a conveyance. It takes his contract out of the operation of the statute of frauds, and no more.

In the case at bar there was a verbal agreement to sell land. The vendee was in possession at the time, and remained in possession; there was no change of possession. She paid a part of the purchase money and a part of the taxes, and made improvements of little value, which were a small compensation for her temporary enjoyment of the land. There was not enough done to take the agreement out of the operation of the statute of frauds.

I think that the decree of the chancery court should be affirmed.

RIDDICK, J., concurs in the dissenting opinion of Judge BATTLE.