## LASATER v. WADE.

Opinion delivered June 27, 1910.

FRAUDS, STATUTE OF—PAROL SALE OF LAND.—Where a mortgage of land was foreclosed, and after the period of redemption expired the purchaser verbally agreed to resell to the mortgagors upon their paying the taxes, keeping the improvements in repair and repaying the purchase money and interest, but the mortgagors failed to do so, and permitted the property to forfeit for taxes and to be redeemed by the purchaser, the latter was neither legally nor equitably bound to convey the lands to them.

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*J. E. London* and *C. A. Starbird,* for appellant.

The contract was within the statute of frauds. Kirby's Dig., § 3665; 50 Ark. 71. Appellee is estopped to assert his contract. 33 Ark. 465. Possession, to take a contract out of the statute, must be delivered and obtained *solely* under the contract. 30 Ark. 262.

*Sam R. Chew,* for appellee.

The purchase of the property by appellant, and putting his mother in possession of it that she might live on it the remainder of her life was in effect a gift. 74 Ark. 104; 1 Ark. 83.

BATTLE, J. Macey Lasater brought an action against Henry Wade and Eliza Howell to recover possession of certain lands, claiming to have purchased the same from Isaac Lasater on the 11th day of January, 1908.

The defendants answered as follows: "Defendants, further answering,. say that on the .. day of ...., 189.., defendant Henry Wade and Henry Howell purchased the above land from Sarah A. Smith, and executed to said Sarah A. Smith a mortgage on same for $450, the balance of the purchase money,· said mortgage debt being due and payable on the .. day of ...., 190... The defendant Henry Wade and Henry Howell were unable to pay off said mortgage, and Sarah A. Smith became the purchaser thereof and took title in herself.

The defendant Wade. procured one Isaac Lasater to redeem said land and take deed to same in his own name, with the understanding, and by express agreement, that his mother, the mother-in-law of Wade, and the grandmother of plaintiff, Macey Lasater, should have and use said land as a home, so long as she should live, and that defendant Wade should have the right, and be allowed, at any time before the death of the said defendant Eliza Howell, to pay to said Isaac Lasater the amount expended in redemption of said land, and upon said payment said Isaac Lasater agreed to and was to deed said land to said Wade. In furtherance of said agreement said Isaac Lasater redeemed said land, or purchased the same, from Sarah A. Smith, and took the deed in his own name.

"Defendants further say that they deposited in the Citizens' Bank of Van Buren, to the credit of Isaac Lasater, the yearly interest on the money expended by him on said lands, and have now on hand and now tender in payment the whole amount due said Isaac Lasater, and have frequently notified him, Lasater, of said fact.

"Defendants, further answering, say that on the .. day of ...., 190.., with full knowledge of said agreement before mentioned and in utter disregard of the same, permitted said land to be returned as delinquent for taxes for the year 190.., and allowed the same to be sold for said taxes and afterwards redeemed the same from Lewis Bryan, taking title in his own name. That afterwards on the .. day of ...., 1907, said Isaac Lasater, with intent to defraud these defendants, sold and conveyed by warranty deed said land in controversy to this plaintiff, Macey Lasater, he, Macey Lasater, having full knowledge of the agreement entered into between his uncles, Isaac Lasater, Henry Wade and his grandmother, Eliza Howell, and being fully apprised of the right by which said Isaac Lasater held said land."

They asked to be allowed to pay into court "the amount due said Isaac Lasater upon said land; that the deed of Isaac Lasater to Macey Lasater for said land be cancelled, and that Isaac Lasater be required upon the payment of amount due him to convey the land to the defendant Henry Wade, and for other relief."

Upon motion of the defendants the action was transferred to the Crawford Chancery Court.

After hearing the evidence, the court cancelled the deed executed by Isaac Lasater to Macey Lasater; and upon payment of $50 and interest and $470 and taxes paid on the lands by Isaac Lasater to the clerk of the court for Isaac Lasater, decreed that all right, title and interest that Isaac Lasater may have in the lands shall be annulled, set aside and held for naught, and that the title in the land vest in the defendant Henry Wade, subject only to a life estate of the defendant Eliza Howell; and the plaintiff appealed.

Some time in 1902 Henry Wade and his wife and Henry Howell and Fanny Howell purchased from Sarah A. Smith the

land in controversy; they agreed to pay her $550 for it, and paid in cash $100, and gave her their note for the remainder, $450. Mrs. Smith conveyed the land to them by a warranty deed, and they executed a mortgage to her to secure the $450. Afterwards they paid her about $245, and were unable to pay the balance. She then foreclosed the mortgage, and purchased the land. They were entitled to redeem at any time before the 1st day of January, 1905. On the 9th day of January, 1905, after the time for redemption had expired, Isaac Lasater purchased the land from Mrs. Smith, paying her $475 for the same. After purchasing the land he said to his mother, Eliza Howell, that she could continue to reside on the land for the remainder of her life, and to Henry Wade that he might have the land by paying taxes on it and keeping improvements in repair, and paying him the money he had paid for the land, $475, and interest during the lifetime of his mother or at her death. These promises were gratuitous, and in parol. The defendants were in possession at the time, and continued in possession the same as they had been before. Wade failed to pay the taxes, or keep the improvements in repair, or pay the interest on the $475, but permitted the land to sell for taxes, and allowed Isaac Lasater to pay $50 to redeem the same. Isaac Lasater was neither legally nor equitably bound to convey the lands to the defendants or either of them. *Moore* v. *Gordon*, 44 Ark. 334; *Phillips* v. *Jones*, 79 Ark. 100; *Hackney* v. *Butts*, 41 Ark. 393; *Bland* v. *Talley*, 50 Ark. 71.

The plaintiff, Macey Lasater, is entitled to the possession of the land, he having title to the same.

The decree of the court is reversed, and the cause is remanded with directions to the court to enter a decree in accordance with this opinion.