CHAVIS *v.* JACKSON.

5-48

256 S. W. 2d 553

Opinion delivered April 6, 1953.

*U. J. Cone* and *A. D. Chavis,* for appellant.

*Harry T. Wooldridge* and *Palmer Danaher,* for appellee.

ROBINSON, Justice.   This is a lawsuit over the title to the north half of lot 12 in the southeast quarter of the southwest quarter of section 15, township 6 south, range 9 west, Jefferson County, Arkansas.   Lot 11 was also mentioned in the complaint filed by appellant Chavis, and appellee Jackson made no claim of ownership as to that lot.   Therefore title thereto was vested in appellant by decree of the Chancery Court.

Appellee Chris Jackson is 63 years of age and has lived all of his life on the above-described portion of lot 12, having inherited it or an interest therein from his father.   The property forfeited to the state for failure to pay taxes for the year 1941.   On April 12, 1945, appellant Chavis obtained a state deed to the property. In November, 1950, Chavis filed an unlawful detainer suit in Circuit Court against Jackson, and asked for possession of the property.   Jackson answered denying that Chavis was the owner, and alleged that Chavis represented that he had a state deed; that they entered into an agreement whereby for the consideration of $150

Chavis agreed to deed the property to Jackson; and that the entire $150 had been paid. The answer also alleged that the tax sale was void and asked that the case be transferred to equity and title to the land be vested in appellee Jackson.

On a trial of the issues, there was considerable conflict in the testimony of the parties. Chavis testified that he agreed to convey the property to Jackson for the consideration of $350; that it was further agreed Jackson would make a down payment of $150 and pay the balance in monthly installments; that Jackson was unable to make the $150 down payment and it was then agreed that Jackson be permitted to continue to occupy the premises on a rental basis.

On the other hand, Jackson testified that the entire consideration for a deed from Chavis was $150. Chavis had paid $1.98 for the state deed.

By way of corroboration of his testimony Chavis introduced as a witness Sammy Lewis, who testified that he is a barber and real estate salesman; that at one time he was in Chavis' office with Jackson (he does not remember the date) and at that time Chavis tried to sell Jackson the property and Jackson said he would come back.

In support of Jackson's testimony to the effect that for the consideration of $150 Chavis agreed to give him a deed to the property, there were introduced in evidence numerous receipts acknowledging payments from Jackson to Chavis. The first receipt is dated May 4, 1945, and reads: "Received of Chris Jackson $20.00 on his lots—11 & N ½ Lot 12, in 15—6—9. Bal. $130." Thereafter each of the receipts reads: "Received of Chris Jackson on lots." Not in any receipt is anything mentioned about rent, and the first receipt shows a balance due of $130.

These written receipts, along with the testimony, constitute evidence which is clear, cogent, and convincing that the payments were not by way of rent, but were made on an agreed purchase price.

914

Next, appellant contends that Jackson's claim that there was an agreement whereby Chavis would deed the property to Jackson for the consideration of $150 is barred by the statute of frauds; that the receipts are not sufficient memorandum to take the transaction out of the statute of frauds; and furthermore that the receipts do not contain a sufficient description of the property. According to the evidence, Jackson was in possession of the property at the time Chavis obtained the deed from the state, and he has at all times since then had actual possession. He paid the purchase price, paid the taxes for one year, and put a new roof on the house. This was sufficient to render the statute of frauds inapplicable. In *Phillips* v. *Jones,* 79 Ark. 100, 95 S. W. 164, Mr. Justice McCulloch, speaking for the Court, says: ''The complaint in this case alleges that the plaintiff remained in possession of land, paid part of the purchase price and a portion of the taxes, and made valuable improvements. These acts, taken together, constituted such part performance as took the case out of the statute of frauds.''

The view we are taking of the case makes it unnecessary to decide the question of validity of the tax sale.

Affirmed.