## SMITH v. ALLEN, on the Demise of BIGGER.

In the action of ejectment, an equitable title cannot be set up in opposition to a legal one.

The title of a purchaser at sheriff's sale, takes effect from the date of the judgment.

A judgment debtor in possession, or his vendee subsequent to the judgment, is not entitled to notice to quit, previously to an action of ejectment against him by the purchaser at sheriff's sale under the judgment.

APPEAL from the *Harrison* Circuit Court.—Ejectment. *Smith,* the landlord, was admitted to defend on the usual terms. The evidence, as shown by a bill of exceptions taken at the trial, was as follows: In *April,* 1812, a judgment was obtained in the Gen-

eral Court of the *Indiana* territory in favour of *Goodwin*, against
*Joseph Brown* and *James M'Campbell*.  By virtue of an execution
on that judgment, the premises were sold as the property of
*M'Campbell*; and *Bigger*, the lessor of the plaintiff below, was
the purchaser.  Upon the sheriff's deed to *Bigger* in pursuance
of this sale, dated in *October*, 1813, the plaintiff rested his right
to recover.  *Smith*, the defendant below, produced a deed for
the premises from *M'Campbell* to him, dated in *November*, 1812,
which was after the judgment, but prior to the sheriff's deed.
He offered to show by *parol testimony*, that the premises had been
sold to him by *M'Campbell* previously to the date of the judgment,
and *that he had thereupon taken possession and made improve-
ments*; that before the levy of the execution, *M'Campbell* had
executed a deed to him in conformity to the sale; and that those
facts were known to *Bigger* at the time of his purchase.  To this
*parol testimony* the plaintiff below objected, and the Circuit Court
sustained the objection.—The verdict of the jury was in favour
of the plaintiff below.  The defendant moved for a new trial,
but the Court overruled the motion, and rendered judgment
according to the verdict, that the plaintiff recover his term, &c.

An assignment of errors and joinder were filed by the parties.

On the part of *Smith*, the appellant, it was contended:

*First*, That the *parol testimony*, offered by him on the trial,
should have been admitted.

*Secondly*, That the evidence was not sufficient to support the
action, and a new trial ought to have been granted; that the
legal title was in *Smith*, as his deed from *M'Campbell* was exe-
cuted previously to that from the sheriff to *Bigger*; or if not,
that he was a tenant at will, and should have had notice to quit.

BLACKFORD, J.—The object of the *parol testimony* rejected by
the Circuit Court, was to prove the existence of an equitable
title in the defendant below, to the premises in question, prior
to the date of the judgment.  The principle, however, is clear-
ly laid down, that, in the action of ejectment, an equitable title
cannot be set up in opposition to a legal one. *Jackson*, d. *Smith*,
v. *Pierce*, 2 Johns. Rep. 221.—*Jackson*, d. *Whitbeck*, v. *Deyo*, 3
Johns. Rep. 422.  We think, therefore, the Court were right in
rejecting the testimony objected to (1):

The circumstance of *M'Campbell's* deed to *Smith*, the defend-
ant below, being dated previously to that of the sheriff to *Big-*

May Term, 1818.

SMITH
v.
ALLEN.

*ger,* the lessor of the plaintiff below, is of no consequence. Both parties claim from *M'Campbell,* whose real estate was bound for the payment of the judgment from its date. His subsequent conveyance to *Smith* was subject to that incumbrance. The purchaser's title at sheriff's sale takes effect from the date of the judgment. If he had not the fee, the appellant contends he was at least a tenant at will, and was therefore entitled to notice to quit; but it certainly does not appear from the record, that there was any tenancy existing in this case, which required the notice contended for. The motion for a new trial was correctly overruled.

HOLMAN, J., gave no opinion, having been the President of the Circuit Court in which the cause was originally decided.

*Per Curiam.*—The judgment is affirmed, with costs.

*Nelson, Hurst,* and *Moore,* for the appellant.

*Dewey, Ferguson,* and *Raymond,* for the appellee.

(1) In the time of Ld. *Mansfield,* the Court of K. B. assumed a kind of equitable jurisdiction in actions of ejectment. *White* v. *Hawkins,* Bull. N. P. 96.—*Keech* v. *Hall,* Doug. 21, note 7.—*Moss* v. *Gallimore,* ibid. 279.—*Lade* v. *Holford,* Bull. N. P. 110.—*Goodtille* v. *Knot,* Cowp. 43.—*Doe* v. *Pott,* Doug. 709. —*Doe* v. *Pegge,* 1 T. R. 758, note a. These cases, however, are now overruled, and the principle is settled, that in a Court of law the legal title must prevail. *Doe* v. *Staple,* 2 T. R. 684.—*Weakley* v. *Rodgers,* 5 East, 138, note.—*Goodtille* v. *Jones,* 7 T. R. 43.—*Doe* v. *Wharton,* 8 T. R. 2.—*Roe* v. *Reade,* ibid. 118.—*Doe* v. *Wroot,* 5 East, 132 and notes.—*Halford* v. *Dillon,* 2 Brod. and Bingh. 12.—*Jackson* v. *Sisson,* 2 Johns. Cas. 321.—*Jackson* v. *Van Slyck,* 8 Johns. Rep. 487.—*Shute* v. *Davis,* 1 Peters' Rep. 431. The case of *Weakley* v. *Rogers,* supra, was similar to that in the text: there the defendant had paid the consideration money, entered into possession, and built a house, under an agreement with the plaintiff's lessor for a lease for life. So also was *Shute* v. *Davis,* supra: there the defendant relied on a written agreement of the agent of the plaintiff's lessor for the sale and conveyance of the premises. These, however, being equitable claims only, were considered no defence against the legal title. Vide Adams on Ejectment, 32, 33.