MORTON and Others *v.* WHITE and Others.

Bill in chancery to procure the sale of certain mortgaged premises. The mortgage was executed in *January*, 1841, by *H.* and *T.*, and embraced several pieces of land. The bill states that the mortgagors, confederating with the other defendants, *O.*, *C.*, and *M.*, to defraud the complainants, falsely pretend that said last named defendants own the mortgaged property, and that they also make the same pretence. Prayer that the property be sold, &c. *T.* died, and his heirs were made defendants, who answered by their guardian *ad litem*. *M.* answered. There were decrees *pro confesso* against the others. The Court decreed that a certain sum was due on the mortgage, and unless the same be paid, &c., the premises be sold, &c. Several judgments had been rendered against the mortgagors, which were older than the mortgage, and several were rendered since its execution. Executions were issued on all of said judgments, and were levied on several pieces of land, a few of which were embraced in the mortgage. *M.* bought some of the mortgaged property under judgments younger than the mortgage. *Held,* that this purchase gave *M.* no other interest in the property than the equity of redemption.

ERROR to the *Henry* Circuit Court.

BLACKFORD, J.—*White* and others filed a bill in chancery against *Morton* and others, to procure the sale of certain mortgaged premises. The mortgage, which was in fee, was executed on the 15th of *January*, 1841, by *Hart* and *Tate*, two of the defendants named in the bill, and embraced several pieces of land. The bill states that the mortgagors, confederating with the other defendants, *Owen*, *Clift*, and *Morton*, to defraud the complainants, falsely pretending that said *Owen*, *Clift*, and *Morton*, own the mortgaged property, and that the said *Owen*, *Clift*, and *Morton*, make the same false pretence. Prayer that the mortgaged property be sold, &c., and for general relief. *Tate* died pending the suit, and his infant heirs were made defendants. *Morton* answered the bill. The infant defendants, by their guardian *ad litem*, also filed an answer. There were decrees *pro confesso*, against the other defendants.

The cause was submitted to the Court upon the pleadings and proofs. The Court decreed that a certain sum was due on the mortgage, and, unless the same were

May Term,
1851.

MORTON
v.
WHITE.

paid by a specified day the mortgaged premises should be sold, &c.

The defendants below, who have brought the case here, make two objections to the decree.

The first is, that to some of the property decreed to be sold, *Morton* had a title superior to that conveyed by the mortgage.

With regard to this objection, it appears that in *October*, 1840, which was before the execution of the mortgages, three judgments for money were rendered against the mortgagors, one in favor of the *Brookville Insurance Company*, one in favor of one *Isham*, and the other in favor of one *Johnson*. In *May*, 1841, which was after the execution of the mortgage, several judgments for money in favor of other plaintiffs were rendered against the mortgagors. Executions of *fieri facias* were afterwards issued on all of said judgments, and were levied on various tracts of land as the property of the mortgagors. A few of the tracts thus levied on were embraced in said mortgage, but the most of them were not. The property levied on not being sold for want of buyers, writs of *venditioni exponas* issued on said judgments ; and the sheriff, by virtue of the writs last named, proceeded to sell the property levied on. At that sale, *Morton* bought some of the mortgaged propery, and, in consequence of such purchase, now claims the same as his own, discharged from the mortgage. He contends that his purchase was under the judgments older than the mortgage. If he did purchase under those older judgments, his title relates back to their date, (*Smith* v. *Allen*, 1 Blackf. 22,) and his title, therefore, is paramount to the mortgage. Whether such a claim, did it exist, could be set up by *Morton* in this suit to prevent a decree for the sale of the mortgaged property purchased by him as aforesaid, we need not now stop to inquire. See on this subject *Eagle Fire Co.* v. *Lent*, 6 Page 635.—*Holcomb* v. *Holcomb*, 2 Barbour's S. C. R. 20.—Story's Eq. Pl. s. 230. In the case before us, the mortgaged property bought by *Morton* was purchased by him under the judgments younger than the

mortgage. The sheriff's returns to the writs of *venditioni exponas* (and those returns must govern) show that he first sold property levied on not embraced by the mortgage, for a greater sum than the amount of the three judgments older than the mortgage. Those older judgments were therefore paid off by that sale. The sheriff afterwards, at said sale, sold to *Morton* some of the mortgaged property, which sale (the older judgments being satisfied) must be considered as having been made under the judgments younger than the mortgage. *Morton's* purchase, therefore, of some of the mortgaged property gave him no other interest in the property so purchased than the equity of redemption.

It follows that the first objection made to the decree, viz., that to part of the property decreed to be sold, *Morton* had a title which overreached the mortgage, is not tenable.

The other objection taken to the decree is, that the mortgaged property not sold at the sheriff's sale, should have been decreed, in this suit, to be first sold. But supposing this to be a case in which the mortgagees, having two funds out of which to make their debt, might have been compelled by *Morton*, as a person with a lien on only one of the funds, to proceed first against the fund within their exclusive control, still *Morton* can derive no benefit now from that circumstance. It does not appear that he applied to the Circuit Court at any time to direct that the part of the mortgaged property, if any, not sold at said sheriff's sale, should be first sold under the decree, and he can, therefore, have no right now, in error, to complain of the decree, because such direction was not given by the Court.

*Per Curiam.*—The decree is affirmed.

*J. S. Newman,* for the plaintiffs.

*S. W. Parker* and *R. M. Cooper,* for the defendants.