## MOORE *v.* HIGBEE ET AL.

VENDOR AND PURCHASER.—*Parol Contract.—Specific Performance.*—A complaint by a purchaser to enforce the specific performance of a parol contract for the sale of land, which relies on part payment of the purchase-money, possession, and the making of valuable and lasting improvements by the purchaser, must also show that possession was taken under the contract, with the knowledge and consent of the vendor, and that the purchaser is ready and willing to pay the residue of the purchase-money on obtaining a decree or receiving a deed for the land.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellant.

PETTIT, J.—This suit was brought by the appellant, and this was the complaint:

"Henry M. Moore complains of Egbert Higbee, Anna E. Higbee, and Albert I. Flannegan, and says that on the 13th day of May, 1869, the plaintiff by a parol contract purchased of the defendant Egbert Higbee the following real estate in Hamilton county, Indiana, to wit: The south half

of lot number one, in block number three, in the town of Milwood, for the sum and price of sixty dollars, of which sum he paid the said Higbee twenty-three dollars, and immediately took possession of said premises and made valuable and lasting improvements thereon, and has ever since held possession and control of the same; that long before the commencement of this suit, he offered to pay the said defendant Higbee the balance of said purchase-money, and demanded of him that he perform his contract by making to the plaintiff a deed in fee simple for said real estate, which he refused to do. Plaintiff further says that the defendant Albert I. Flannegan has recently, with a knowledge of the plaintiff's equity in and to said real estate, and with a knowledge of the plaintiff's possession of the same, accepted a deed for said real estate from his co-defendants; and the plaintiff asks that the deed so made, in form, to Albert I. Flannegan be declared fraudulent and void as against this plaintiff; and that the defendant Edward Higbee be compelled by the order and judgment of this court to specifically perform his said contract, or that on his failure or refusal to do so, a commissioner be appointed by the court to make, execute, and deliver to the plaintiff a good and sufficient deed in fee simple for said real estate, and other proper relief."

The defendants answered by general denial. Trial by jury, and verdict for the plaintiff.

A motion in arrest of judgment was made, for the reason that the complaint did not state facts sufficient to entitle the plaintiff to the relief asked for, which was sustained, and exception taken; and this ruling is assigned for error.

The appellees have not furnished us a brief or made any suggestion as to what particular the complaint is defective in, but we have come to the conclusion that it is fatally bad in two respects:

1. It does not show that the possession was taken and improvements made under the contract with Higbee, or that he had knowledge thereof or consented thereto. For any

thing to the contrary appearing in the complaint, the plaintiff may have been a trespasser in taking possession.

2. The complaint does not show that the plaintiff was ready and willing to pay the balance of the purchase-money on receiving a decree or deed for the land.

We hold that these are essential and necessary averments, to render the complaint good, and that a verdict does not cure these defects.

The court committed no error in arresting the judgment.

The judgment is affirmed, at the costs of the appellant.