## MURPHY VS. LEMAY.

INSTRUCTIONS: *How exceptions to saved.*
  A general exception to a series of instructions without specification, will not be sustained if any one of the instructions is good.

APPEAL from *Hempstead* Circuit Court.

Hon. JOEL D. CONWAY, Special Judge.

*A. B. Williams*, for appellant.

*Howard, contra.*

HARRISON, J.:

This was a suit by Ethan A. Murphy against Samuel B. Lemay, for the value of a box of merchandise, alleged to have been received by the defendant, a warehouse-man, for the plaintiff, but which the defendant, on demand of the plaintiff, had failed to deliver.

The defendant's answer denied that the box had ever been delivered to him.

The verdict of the jury was for the defendant. The plaintiff moved for a new trial, which was refused; he excepted, setting out the evidence, and the instructions of the court for both parties; and appealed.

The grounds of motion for a new trial were:

*First*—That the verdict was contrary to the evidence.

*Second*—That the instructions were conflicting.

As to the first grounds, we need only to remark: That there was no very clear preponderance of evidence either way, and the verdict is conclusive as to its weight.

Six instructions were given at the request of the plaintiff; and five at the instance of the defendant. The plaintiff excepted without specification, and in gross to those given for the defendant. It is well settled, that an exception to instructions thus taken, cannot be sustained, if any part or one of them is good. *Chrisman* v. *McDonald*, 28 Ark., 8; *Beaver* v. *Taylor*, 3 Otto, 46; *Rogers* v. *The Marshal*, 1 Wall., 644; *Harvey* v. *Tyler*, 2 Ib., 328; *Johnston* v. *Jones*, 1 Black., 22; *Lansing* v. *Wiswall*, 5 Denio, 213.

What parts, or which of the instructions were inconsistent with each other or conflicting, the motion for a new trial in no wise indicates or points out; the appellant's counsel have, however, referred us to the following of the defendant's series: "If the defendant received, as a warehouse-man, the box of goods for the plaintiff, he was only bound to take as much care of the same as a prudent man would of his own property;" as repugnant to the following, previously given for the plaintiff: "If the jury find from the evidence, that the defendant received the box of goods in controversy, it devolves upon him to account for the same; and unless he has done so, by the weight of the evidence, they will find for the plaintiff."

We are unable to perceive any repugnancy between these instructions; and if either was erroneous, it was neutralized by the other, and the judgment would not be reversed for such error. *Crain* v. *Carr*, 7 Ark., 241.

The defendant had, to disprove the delivery of the box to him, adduced evidence to show, that he delivered to the plaintiff all the merchandise received at the warehouse for him, and also had used due and proper diligence in taking care of the same.

"Warehouse-men," says Judge Story, "are bound only to take common and reasonable care of the commodity intrusted to their charge;" and he defines such care to be: "That diligence which men in general exert in respect to their own concerns." Sto. Bail., secs. 11, 444. The said instruction for the defendant was sound and relevant.

The judgment is affirmed.