IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1880, IN THE SIXTY-FOURTH
YEAR OF THE STATE.

---

## NEAL v. NEAL.

STATUTE OF FRAUDS.—*Trusts.*—*Parol Contract for Purchase of Land.*—
*Copy.*—*Possession.*—A complaint for partition of certain land alleged that
it had been purchased by the defendant, under an agreement with the
plaintiff, that, if the latter would stay with the former and work for him
for a stipulated period, the " labor performed by the plaintiff should
entitle him to one-half in value of the land ;" that the plaintiff had per-
formed the labor; that the defendant, " with the means acquired by their
joint labor," had purchased the land, taking title to the whole in himself ;
and " that, after the purchase, the plaintiff had farmed a portion of said land,"
on the shares, "and finally went into possession of the same" at a certain time,
" and has had and held open and notorious possession of the same from
that time to the " time of commencing the action.

*Held,* on demurrer, the contrary not being alleged, that the contract is
presumed to have been by parol.

*Held,* also, that the contract was void by the statute of frauds, the averment
as to possession not being sufficient to take it out of the statute.

*Held,* also, that there was no trust.

From the Fountain Circuit Court.

*J. H. Voliva, H. H. Stilwell* and *J. B. Martin,* for appellant.

*H. H. Dochterman* and *T. L. Stilwell,* for appellee.

WORDEN, J.—Complaint by the appellee, against the appellant, in three paragraphs. The first and third went out on demurrer. The second was as follows:

"The plaintiff, further complaining of the defendant, says, that on the —— day of ———, 1860, (the plaintiff then being 21 years old,) the defendant, Nathan Neal, who is the · father of this plaintiff, came to the plaintiff and said he wished to purchase a certain piece of real estate of Reuben Lister, if this plaintiff would help him pay for it and take part of said land.

"The plaintiff was then about to leave his father's house, and, in consideration of receiving one-half of said land, he stayed and accepted the proposition, and contributed 108 bushels of wheat and worked three years for his father, lacking fifteen days; and on the . 31st day of January, 1862, with the means acquired by their joint labor, in pursuance of said agreement, they jointly purchased said real estate, it being agreed that the three years labor performed by the plaintiff should entitle him to one-half in value of said land; and they purchased from Reuben Lister the following described real estate, to wit: The north-west quarter of section 25, township twenty (20) north, of range seven west, except 8 acres heretofore sold out of the south-west corner of said quarter section, making 152 acres, for the sum of $1,950; and, by agreement, the deed to said land was made to said defendant, Nathan Neal, and said deed recorded, on the 25th day of April, 1863; that, after the purchase, this plaintiff farmed a portion of said land, and finally went into possession of the same January, 1863, and has had and held open and notorious and undis-

puted possession of the same from that time to the present; that, since he went into possession of said real estate, he has made permanent and valuable improvements on the same; that said land was in a bad condition when it was purchased, and that he cleared up the farm, and cut and cleared 70 acres of heavy timber, worth $10 per acre, built a house upon the same worth $200, also a stable worth $150, cut and made a ditch 115 rods in length, worth $60, built a smoke-house worth $20, put a plank fence around the house and garden, worth $25; that he reset and built nearly all the fence, which was of the value of $100; making improvements in all of the value of $1,255, and enhancing in value the land to that amount; that said plaintiff and defendant have farmed said land in partnership ever since the plaintiff went into the possession of the same, on the — day of January, 1863, the said plaintiff cultivating said land, furnishing every thing and giving to the defendant one-third of the products of said land. And the plaintiff says that the said defendant, since the plaintiff went into possession of said land, have held themselves " [ has held himself and the plaintiff ? ] " out as the owners of said land, until within a few months past, since which time he, defendant, has been threatening to sell said land and attempting to dispossess the plaintiff. And therefore the plaintiff asks for a partition," etc.

The defendant demurred to the paragraph of complaint above set out, for want of sufficient facts, but the demurrer was overruled, and the defendant excepted.

Such further proceedings were had as that the land was parted between the plaintiff and defendant equally.

Several supposed errors are assigned, including the ruling on the demurrer above mentioned; and, as we have concluded that the paragraph of complaint was not sufficient, we need not examine any other question.

It is apparent that the right of the plaintiff to any

part of the land must depend upon one of two things, viz.: First, that he paid a part of the purchase-money for the land, and that, hence, a trust resulted in his favor, although the deed was taken in the name of his father; or, Second, upon the alleged contract with his father.

The complaint is obscurely drawn, and it is difficult to say precisely what it means; but it seems to us that, taking it altogether, it does not show that the plaintiff paid any part of the purchase-money for the land, and hence no trust arises on that ground.

The complaint, to be sure, alleges that the defendant said he wished to buy the land, if the plaintiff would help him pay for it and take a part of the land. But how was the plaintiff to help him pay for it? Not by furnishing any part of the purchase-money; this is shown by what follows in the complaint. The complaint proceeds to allege that the plaintiff, in consideration of receiving one-half of the land, stayed and accepted his father's proposition, and contributed one hundred and eight bushels of wheat and worked three years for his father, etc. Then the complaint alleges, that " with the means acquired by their joint labor " (that is, while the plaintiff was working for his father), " in pursuance of said agreement, they jointly purchased said real estate, it being agreed that the three years labor performed by plaintiff should entitle him to one-half in value of the land."

The plaintiff furnished some wheat, it may be supposed, to his father, to help pay for the land, and worked for his father; but he does not appear to have furnished any portion of the purchase-money. This, it may be assumed, was all paid by his father. Whatever right, therefore, the plaintiff may have to any part of the land, must depend upon his contract with his father, by which, it was alleged, he was to have one-half in value of the land for his three years work.

It must be assumed that the contract was not in writ-

ing, inasmuch as, had it been, the original or a copy thereof should have been filed with the complaint; and the question arises, whether it sufficiently appears by the complaint that possession was delivered and taken under the contract, so as to take the case out of the statute of frauds. The complaint alleges, " that, after the purchase, this plaintiff farmed a portion of said land, and finally went into the possession of the same January, 1863, and has had and held open and notorious and undisputed possession of the same, from that time to the present."

In order that possession may take such case out of the statute of frauds, it must appear that such possession was taken under and by virtue of the contract; and with the knowledge and consent of the vendor. *Moore* v. *Higbee*, 45 Ind. 487. See, also, *Sands* v. *Thompson*, 43 Ind. 18; and *Carlisle* v. *Brennan*, 67 Ind. 12.

It perhaps may be said, that the contract between the parties, in order that possession under it may take the case out of the statute, must provide, either expressly or by implication, that the purchaser shall be entitled to the possession which is thus taken; for, if it does not, it can hardly be said that possession is taken pursuant to, or by virtue of, the contract. It is apparent that the complaint does not show such a taking of possession as will take the case out of the statute. It does not state that the possession was taken by virtue of the contract, or any thing of equivalent import.

We are of opinion, for these reasons, that the demurrer to the paragraph of complaint should have been sustained.

The judgment below is reversed, with costs, and the cause is remanded, for further proceedings in accordance with this opinion.