Railsback *v.* Walke.

No. 8710.

## RAILSBACK *v.* WALKE.

**REAL ESTATE, ACTION TO RECOVER.**—*Complaint.*—*Description of Premises.*—*Presumption.*—If the description of the premises in a complaint in ejectment contains no apparent uncertainty, the pleading will be upheld on demurrer. The court will not indulge in conjecture, or in the presumption of facts not stated, for the purpose of making the description uncertain.

**SAME.**—*Answer.*—*Lease.*—*Statute of Frauds.*—An answer to a complaint in ejectment in the usual form, to the effect that the defendant had been the owner and in possession, but had been sold out by the sheriff, and that, in consideration of the surrender by the defendant of an obligation which he held against the purchaser, the latter had leased the land to the defendant for the period of five years, and that he had been in possession and had cultivated the land for one year only, is not good, because of the statute of frauds which requires leases for more than three years to be in writing.

**SAME.**—*Landlord and Tenant.*—A special answer, to a complaint in ejectment, which sets up a right to occupy as tenant, must show that the tenancy had not been terminated before the commencement of the action.

**SAME.**—*Part Performance.*—*Consideration.*—The remaining of a party in possession, under a parol lease of land for more than three years, payment of the consideration of the lease and cultivation of the land are not such part performance as to take the contract out of the statute.

**SAME.**—*Parol Lease for more than Three Years.*—The tenant who takes possession under a parol lease for a term longer than three years, is not a trespasser, but, *it seems*, a tenant from year to year.

**PRACTICE.**—*Objections and Exceptions.*—*Presumption.*—The specific grounds of objection to any action or ruling of the trial court must be stated (and exceptions taken) at the time, and not left to inference from a general history of the proceedings; the presumption being in favor of such court until error is plainly shown by the record made up in accordance with the rules of practice.

**SAME.**—*Filing of Papers Without Attention of Court.*—*Affidavit for Change of Venue.*—Parties have no right in open court, to file an affidavit for change of venue or other paper, without calling the attention of the court thereto. *Quære*, whether an affidavit for a change from the judge can be so interposed as to prevent the announcement of a decision on a matter already considered, the judge being in the act of making the announcement.

**SAME.**—*New Trial as of Right.*—*Evidence.*—*Payment of Costs.*—A motion for a new trial as matter of right, on payment of costs, must be supported by proof of the payment.

From the Wayne Circuit Court.

*W. A. Bickle,* for appellant.
*T. J. Study,* for appellee.

WOODS, J.—The appellant has assigned error upon the overruling of his demurrer to the complaint, the sustaining of the appellee's demurrer to his answer, the action of the court in proceeding in the cause after the filing of an affidavit for a change of venue, the appointing of an attorney to try the cause, and the refusal to grant the appellant a new trial on payment of costs.

The action was for the recovery of possession of real estate; and the only objection made to the complaint is that it does not give a sufficient description of the property. The following is the description: "A tract of land in Wayne county, etc., to wit, a part of fractional section No. one, etc., bounded as follows, to wit, on the north by the Wayne county turnpike, on the west by a county road, on the east by a county road, and said land to extend far enough south to contain 150 acres." There is no apparent uncertainty in these boundaries, and, in ruling upon a demurrer, the court will not indulge in conjecture for the purpose of making doubtful or equivocal that which seems to be definite.

The answer, which the court held insufficient, is in substance, as follows:

That the appellant had been the owner in fee and continuously in possession of the land for more than forty years, when upon foreclosure of a mortgage it was sold by the sheriff, and thereafter Lycurgus Railsback, a son of the defendant, obtained a deed for the land by and through the assignee of the certificate of purchase from the vendee of the sheriff, and the said Lycurgus being indebted to the defendant in the sum of $5,000, with ten years interest thereon, for which the defendant held his notes, it was then and there agreed between said Lycurgus, one Fabius Flemming, a son-in-law of the defendant, and the defendant, that if the defendant, who was then and still is old and infirm, would surrender to said Ly-

curgus all said notes and forever discharge him from liability thereon, and for said debt, the defendant should continue in undisturbed possession of said premises for five years, and have for his own use all the uses, rents and profits thereof; that said Lycurgus never was in possession nor had instituted any proceedings to acquire such possession, but the same was, as it had been, in the possession of the defendant as aforesaid; that after said agreement the defendant surrendered to said Lycurgus said notes and gave up all said claims and has continued from thenceforward to occupy and cultivate said land for one season, and there still remain four years of possession to be enjoyed by him; that afterwards, while the defendant was in the personal, open, notorious and peaceable possession of the premises, said Lycurgus, by a quitclaim deed, conveyed said real estate to the plaintiff, who, before purchasing, had actual notice of the defendant's possession, claim and right to the property.

The questions arising upon the answer and discussed by counsel are, whether the contract set up in the plea is within the statute of frauds, and whether, if so, such part performance is shown as to take it out of the statute.

The act concerning conveyances provides, that "Conveyances of land, or any interest therein, shall be by deed in writing, subscribed, sealed and duly acknowledged by the grantor, or by his attorney; except *bona fide* leases for a term not exceeding three years." 1 R. S. 1876, p. 362, section 4; R. S. 1881, section 2919.

The statute of frauds provides, "That no action shall be brought  *  *  *

"*Fourth.* Upon any contract for the sale of land.

"*Fifth.* Upon any agreement that is not to be performed within one year from the making thereof.

"Unless the promise, contract, or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized;

excepting, however, leases not exceeding the term of three years." 1 R. S. 1876, p. 503, section 1 ; R. S. 1881, section 4904.

The result of the authorities seems to be that the fifth clause of the statute has no reference to contracts concerning real estate. *Baynes* v. *Chastain*, 68 Ind. 376 ; *Fall* v. *Hazelrigg*, 45 Ind. 576 ; *Sobey* v. *Brisbee*, 20 Iowa, 105 ; *Young* v. *Dake*, 5 N. Y. 463 ; *Wilson* v. *Martin*, 1 Denio, 602.

It is the fourth clause alone which affects such contracts, and the exception concerning leases being a modification of this clause, would be found more appropriately at the end of it, as is the corresponding provision in the Iowa statute. *Sobey* v. *Brisbee, supra.*

It follows, from these provisions, that a lease for a term exceeding three years must be in writing ; but, as contracts within the fourth clause may, by part performance, be taken out of the operation of the statute, leases for more than three years may be in like manner made effective as the basis for a cause of action or defence.

The contract pleaded by the appellant is clearly a lease, and being for five years was, when made, within the statute. Do the facts alleged take it out ?

The position of the appellee is, that the answer does not show a taking of possession by the lessee, under and in pursuance of the contract, but only a continuation of the possession which he already had as owner and mortgagor of the land, and that the surrender of the notes which he held against his son was only a payment of the consideration,—which does not constitute such part performance as affects the operation of the statute. The following authorities are cited in support of this position : *Johnston* v. *Glancy*, 4 Blackf. 94 (28 Am. Dec. 45) ; *Pearson* v. *East*, 36 Ind. 27 ; *Moore* v. *Higbee*, 45 Ind. 487 ; *Johns* v. *Johns*, 67 Ind. 440 ; *Carlisle* v. *Brennan*, 67 Ind. 12 ; *Neal* v. *Neal*, 69 Ind. 419 ; *Armstrong* v. *Kattenhorn*, 11 Ohio, 265 ; *Crawford* v. *Wick*, 18 Ohio St. 190 ; *Mahana* v. *Blunt*, 20 Iowa, 142 ; *Knoll* v. *Harvey*, 19 Wis. 99 ; *Wood* v. *Thornly*, 58 Ill. 464 ; *Padfield* v. *Padfield*, 92 Ill. 198 ;

Railsback *v.* Walke.

Browne Stat. Frauds, 4th ed., sections 472, 476, 482 ; Pomeroy Con., sections 116 and 123 ; 5 Wait's Actions and Defenses; sec. 6, pp. 800 and 801 ; Story Eq. Jur., secs. 762–3.

Counsel for the appellant, on the other hand, contends that while the appellant was yet in the actual possession, his title and right of possession had been extinguished by the sheriff's deed, so that he was, in fact, only a trespasser, liable to an immediate action of ejectment, and, consequently, that his continuing in the possession and cultivation of the land for a period of one year after and under the contract, was such possession as was fairly referable to and explainable only by reference to the contract, and was therefore sufficient in equity to avoid the force of the statute. In support of this view are cited: *Smith* v. *Allen,* 1 Blackf. 22 ; *Johnston* v. *Glancy,* 4 Blackf. 94 ; *Moreland* v. *Lemasters,* 4 Blackf. 383 ; *Doe* v. *Horn,* 1 Ind. 363 ; *Neal* v. *Neal,* 69 Ind. 419, 423 ; *Billington* v. *Welsh,* 5 Binney (Pa.) 129 ; *Meehan* v. *Williams,* 48 Pa. St. 238 ; Fry Spec. Perf., section 396 ; Dart Vendors, 477 ; Story Eq. Jur., sections 761-3 ; 1 Hilliard Vendors, 147 ; *Dale* v. *Hamilton,* 5 Hare, 369.

The mere continuing of the appellant in possession, though without an agreement therefor he may have been liable to be treated as a trespasser, was not in our judgment, a sufficient part performance, and the averment concerning the cultivation of the land is too general to be available. Assuming, without deciding, that if the answer had shown the nature and uses of the property, as that it was farming land, and that with the knowledge and consent of his lessor (before he quitclaimed to the plaintiff), the appellant had prepared the ground and planted valuable crops or if the property had consisted of buildings, that he had made expensive repairs, or other outlays, which a mere trespasser would not make, and the benefit of which he could not get unless under some contract for the rightful possession, it might be deemed enough to take the case out of the statute. The answer makes no such case. It does not appear on the facts stated, that if at any moment,

after the making of the alleged contract, the appellant had been turned out, he could have suffered any substantial loss or legal injury.

It may be remarked here, that it is not clear, as counsel for the appellant has seemed to assume, that the appellant was a trespasser, unless his lease was good. It has been decided that though a parol lease for a term longer than three years, is within the statute of frauds, yet, if the tenant enters, it is a tenancy from year to year, regulated by the parol agreement, except as to the length of the term. *The People* v. *Rickert,* 8 Cowen, 226 ; *Tress* v. *Savage,* 4 Ellis & B. 36.

While, therefore, the agreement set up in the answer was not valid or binding because not in writing, the making of it, under the circumstances, operated as the consent of the lessor to the continued possession of the appellant, and, under section 2 of the act concerning landlord and tenant, 2 R. S. 1876, p. 338, R. S. 1881, section 5208, such possession became, as it would seem, a tenancy from year to year.

The answer, however, is not good, on account of the fact that it shows this tenancy, assuming that it does show it, because it does not show but that the tenancy had been terminated by the giving of the requisite notice, or otherwise. A special answer to a complaint in ejectment, which sets up a right to occupy as tenant, must show that the tenancy had not been terminated before the commencement of the action. This is the rule of pleading, whatever may be the rule of evidence.

The surrender of his notes against his son by the appellant was only a payment of the consideration of the alleged lease, and did not constitute part performance, and, upon the facts stated, the appellant is entitled to reclaim the notes, and to recover the amount due upon them.

In reference to the application for a change of venue, and to the closing of the rule for an answer, the facts, as stated in the bill of exceptions, were as follows : That on the 17th day of March, 1880, the defendant filed with the clerk in open court, while other business was pending before the court,

but without the knowledge of the judge of the court or the plaintiff's attorney, the following affidavit for a change of venue from the judge, to wit: (here follows affidavit); and thereafter, on the calling of said cause for issue, the court having previously, to wit, on the 15th day of March, 1880, granted defendant leave to amend his answer, to which a demurrer had been sustained, without naming any time in which the amendment should be made, the plaintiff, before he or the judge of the court knew that the affidavit was on file, moved the court to close the rule against the defendant for want of an answer, upon which the defendant informed the court that the motion for a change of venue had been put on file before the motion was made to close the rule, and the defendant then moved the court to grant said change of judge and venue; and the plaintiff then read in open court the affidavit for the change and insisted on the motion to close the rule; and the defendant informed the court that in consequence of being constantly engaged in the trial of a cause for the whole of the past week, he had not amended the answer. The court sustained the motion to close the rule, did close it, and immediately thereafter announced that the change of venue would be granted to Judge Polk, to which judgment and action of the court in closing said rule the defendant at the time objected and excepted.

Certain rules of the court are set out in the bill of exceptions, but, as they have no essential bearing on the question presented, we do not copy them.

The appellant, it will be observed, objected and excepted to the action of the court in closing the rule against him for an answer. The grounds of exception he did not state. From the history of what preceded the ruling, aided by the argument of his counsel here, we might readily conjecture what grounds of objection were in his mind, but the rule of practice is, and its wisdom is justified by experience, that the specific grounds of objection and exception to a ruling must

have been stated at the time the ruling was made, and the bill of exceptions must show what they were.

Upon the record before us it can not be determined whether, when the ruling was made, the objection to it was based on the ground that counsel had not, on account of his employment in the trial referred to, had reasonable time to prepare an amended answer, or on the ground that because no time was named in the order granting leave to amend, the court had no right, under its rules or under the law, to close the rule without allowing further reasonable time, or on the ground that after notice of the affidavit for a change of venue from the judge, the court had no power to act, except to grant the change, or whether upon any or all these grounds.

Counsel appeals to our knowledge of the courtesies which must prevail between counsel engaged in the conduct of causes. But cases can not be decided by rules of courtesy.

The presumptions are in favor of the action of the court, until by the record it is plain, that it erred.

The record does not show in this case that counsel had in truth been so employed as that he had not had reasonable time to amend his answer. He did not ask for an extension of time, or in any way indicate a desire or purpose to plead further. A general denial would have made all possible defences available. It would seem, therefore, that there is no just ground of complaint that the rule was closed, and, if there is any technical objection, it is because the motion for a change of judge was not allowed to intervene before the motion of the appellee was acted upon.

If the question arose in the record, it would be without even technical merit. Counsel had no right, in open court, to file the affidavit for a change of venue, or any other paper in a cause, without calling the court's attention thereto, so that the filing could be noted on the court docket. The orderly conduct of business requires this practice. The affidavit, therefore, had not been in fact filed, and so far as the record shows never was properly filed. The appellant, when the court was

.about to act on the motion to close the rule, did not offer nor ask leave to file it, but simply notified the court of the previous effort at filing, and asked the court to grant him a change, but took no exception to the disregard of his request.

Whether, if the appellant had asked leave to file the affidavit and to interpose his motion for a change, the court would have been compelled to suspend its decision on another motion already under consideration, and give precedence to the motion for a change from the judge, we need not consider.

The appellant moved for a new trial as a matter of right, alleging, in his motion, that he had paid all costs; but the record contains no statement or evidence that he had in fact paid the costs. There is, therefore, no question before us in respect to this motion.

Error is assigned upon the appointment of an attorney to try the cause, but no exception was saved to the appointment.

Judgment affirmed, with costs.