Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted November 7, 1884.]

---

JOHN WARD v. E. C. STUART, ADM'R.

(Case No. 1650.)

1. SPECIFIC PERFORMANCE — STATUTE OF FRAUDS.— An action, brought by a party against another for specific performance of an unwritten agreement to convey land, in consideration of labor and improvements made on the land, cannot be maintained, even though the land has been thus paid for in full, unaccompanied by other facts, such as exclusive possession and the like. Vide Jones v. Carver, 59 Tex., 293; Murphy v. Stell, 43 Tex., 123; Ann Berta Lodge v. Leverton, 42 Tex., 24.

2. SAME — PLEADING.— In cases where specific performance of a contract to convey land is asked, whether the contract be written or not, the terms of the agreement must be clearly stated in the pleadings, so that the intention of the contracting parties may be evidenced with reasonable certainty as to what was to be done by each in consummation of the agreement.

3. SAME.— To enforce a specific performance of a contract to convey land, for which a party has agreed to pay in money, labor or in some other manner, the petitioner must inform the court, by proper pleadings, what money was to be paid, what labor performed, and the like averments; and there should be allegations showing a performance on his part or a good reason why it has not been done, accompanied by a tender of what might still be due.

APPEAL from Falls.   Tried below before the Hon. B. W. Rimes.

Suit brought the 13th day of October, 1873.   On the 1st day of September, 1881, appellant filed his first amended original petition, alleging that appellee E. C. Stuart was administrator of the estate of S. S. Ward, deceased, and the other appellees were the widow and children of Ward; that plaintiff was a son of the deceased and was twenty-one years of age in 1865, and that S. S. Ward died in May, 1873.

That in 1869 S. S. Ward proposed to appellant that he, Ward, would purchase, on time, the land in controversy, situated in Falls county, Texas, and that if he, appellant, would manage the labor and superintend the work on the farm and improve the land, that he, the father, would make appellant a title to one-half of the land.

That in pursuance of this agreement S. S. Ward did purchase the land on time, and appellant went on the land and performed the agreement on his part, and S. S. Ward received the crops of corn and cotton raised on the land, which were of sufficient amount to pay for the land, $8,000 being the amount of the purchase money, less $1,416.14.

That appellant faithfully worked on the land for more than two years, and then quit, by request of S. S. Ward, to do other work for him, and cleared and improved land thereon, and built houses and outhouses and fences.

That one-half the land had been sold to pay a balance due on the land.

Appellant prayed for a decree vesting in him title to the unsold portion of the whole tract, and for partition, etc.

Appellees excepted to plaintiff's petition, as follows: That it was too vague and uncertain as to terms.   That plaintiff's allegations were too vague in alleging what labor he performed.   That the contract was void because in parol.   That the petition did not allege the payment of the purchase money nor improvements made on the land.   That the contract was without consideration and voluntary. That there was no itemized statement of the value of the crops raised on the land.   That the land was not described.   The land was described as block No. 10 in the partition of the George Morgan league, containing four hundred acres, situated on the road from Marlin to Rock Dam, on the Brazos river.

The one-half sold was described by metes and bounds, and beginning at the east corner of said block 10.

These exceptions were sustained.   John Ward declined to amend. Judgment for appellees.

*Anderson & Flint,* for appellant, on the sufficiency of the petition, cited: Hendricks *v.* Snediker, 30 Tex., 296; Murphy *v.* Stell, 43 Tex., 125; Howe's Heirs *v.* Rogers, 32 Tex., 213; Ponce *v.* McWhorter, 50 Tex., 563.

No briefs on file for the appellees.

STAYTON, ASSOCIATE JUSTICE.— The only question in this case is: Does the petition state such facts as will entitle the appellant to a specific performance of the contract referred to in his petition?

If we consider the agreement alleged to have been made by the father of the appellant as an unwritten agreement, the facts stated are manifestly insufficient to entitle him to the relief which he asks; and having declined, on demurrers to his petition being sustained, to allege that the agreement was in writing, we are of the opinion that his averments should be held to refer to an unwritten agreement. Neal *v.* Neal, 69 Ind., 419.

It is not averred that the appellant ever had an exclusive possession of the land in pursuance of the agreement referred to. Haslet *v.* Haslet, 6 Watts, 464; Sage *v.* McGuire, 4 W. & S., 228; Frye *v.* Shepler, 7 Pa. St., 91; Wilmer *v.* Farris, 40 Iowa, 309; Waterman on Specific Performance, 276; Hart *v.* Carroll, 85 Pa. St., 508; Murphy *v.* Stell, 43 Tex., 135; Neal *v.* Neal, 69 Ind., 419.

It is not shown that the appellant made improvements on the land as owner and with his own funds, but that what he did consisted in his own labor, directed to certain purposes in way of part payment for the land, of which he expected, together with such improvements as might be made thereon, to become part owner by rendering the services contemplated by the agreement.

It is not shown that the estate of his father is not amply able to make full compensation to him for any services he may have rendered, nor is it shown that he had done any act to take the case out of the statute of frauds, except as partial payment may tend in that direction.

Even full payment, unaccompanied with other facts, is not sufficient for this purpose. Dugan *v.* Colville, 8 Tex., 127; Neatherly *v.* Ripley, 21 Tex., 436; Robinson *v.* Davenport, 40 Tex., 338; Murphy *v.* Stell, 43 Tex., 123; Jones *v.* Carver, 59 Tex., 296; Ann Berta Lodge *v.* Leverton, 42 Tex., 24.

In cases in which the specific performance of agreements to convey land is asked, whether the contract be written or unwritten, it is essential that the terms of the agreement be clear, and that they

be clearly stated in the pleadings; that they evidence with reasonable certainty the intention of the contracting parties in relation to that which is done or to be done by both parties in consummation of the agreement.

The contract cannot be presumed to be clearer or more specific, nor the performance of it more complete, than they are alleged to be in the petition, and more especially is this true when special demurrers are urged and sustained, on the ground of want of certainty in reference to matters affecting the sufficiency of the contract, and in reference to its performance, and the party whose pleading has been held to be insufficient declines to amend.

Before a court of equity will enforce specific performance of a contract to convey land for which a party seeking its aid has agreed to pay in money, labor or in some other manner, it is necessary to inform the court, by proper pleadings, what sum of money was to be paid, what labor performed, or what and how much of other property was to be delivered in payment; and it should be further made to appear that the money had been paid, labor performed or other thing delivered, or some good reason shown why such things had not been done, accompanied with at least a tender of whatever might be still due.

In this case the appellant avers that his father promised to convey to him one-half of the land "if he would take charge of the same and labor on the same and manage the labor, and superintend the work and labor done on the farm, and improve the place or land, . . . and plaintiff did go on said land and did and performed all of his said agreement on his part, and said Stephen S. Ward did receive the crops both of corn and cotton raised on said land, etc., . . . and (plaintiff) cleared and improved land thereon and built houses and outhouses and fences thereon, and plaintiff faithfully worked for more than two years, and only quit then to work and labor for said S. S. Ward in other business at his request."

How long, by the contract, was the appellant to take charge of and manage the land and labor? What improvements was he to have made?

Of these matters the petition gives no information. It however avers compliance with the contract for the period of two years. That there was a compliance with the contract for even two years was a conclusion of the pleader, and the statement of the acts performed could not be known by the court to be a compliance with the contract, the particular terms of which were not stated. Waterman on Specific Performance, 96.

The implication from the averment that the appellant ceased to work under the contract at the expiration of two years at the request of his father is that he did not cease because the terms of the contract had been complied with.

This partial performance or payment could not be regarded as full performance or payment in the absence of an averment that it was so accepted. If it was true that the father accepted labor at some other business in lieu of that originally contracted for, that should' have been alleged.

The averments as to the consideration or price paid, or to be paid, for the land were so vague and uncertain as to render it impossible from them for the court to know what the real consideration to be paid for the land was, and this presents just such a case as would require a court of equity to refuse to decree specific performance. Waterman on Specific Performance, 146; Soles v. Hickman, 20 Pa. St., 182; Cooper v. Carlisle, 17 N. J. Eq., 530; Reed on Statute of Frauds, 632, 633; Hart v. Carroll, 85 Pa. St., 508; Elmore v. Kingscote, 5 B. & B., 583; German v. Machin, 6 Paige Ch., 292. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered November 7, 1884.]