Barnett v. The Washington Glass Company.

Filed June 4, 1895.

No. 1,462.

## BARNETT v. THE WASHINGTON GLASS COMPANY.

STATUTE OF FRAUDS.—*Parol Sale of Real Estate.*—*Possession by Vendee.* —*Action for Purchase-Price.*—In an action for the purchase-price of real estate, where possession taken is relied upon to take the contract out of the statute, the facts are insufficient for such purpose which are, that defendant and others, in pursuance of a parol agreement to purchase a large number of lots from an improvement company, at $200 each, to be taken from lands thereafter to be purchased and platted, the mode of choice of lots to be subsequently determined; that defendant and the other subscribers for lots met and determined the mode of choice of lots, and defendant went upon the land, inspected the lots, and went upon lot [No. 216 and selected and took possession of the same as his choice, and the same was so recorded by the secretary of the meeting of the

subscribers, and it was withdrawn from the list for the remaining subscribers' selections, and thereafter the plaintiff or its grantors neither had nor exercised nor claimed any dominion over the same.

SAME.—*Possession by Vendee.*—*Recovery of Purchase-Price.*—In such case, possession was not taken under the contract nor with the vendor's consent, and there was no right of recovery of the purchase-price.

From the Hamilton Circuit Court.

*W. S. Christian* and *I. W. Christian,* for appellant.
*G. Shirts* and *I. A. Kilbourne,* for appellee.

GAVIN, J.—The appellee sought to recover the purchase-price of real estate, which, it was alleged, appellant had agreed to buy, and for which appellee had tendered a deed in performance of the contract.

It is not controverted by appellee that the contract was by parol and within the statute of frauds (R. S. 1894, section 6629, subd. 4; R. S. 1881, section 4904), unless taken out of its operation by part performance. Possession taken is relied upon to make the contract valid.

Passing by all technical questions of parties and want of averment of transfer of contract, we take up the main proposition.

Appellee's rights are based upon an arrangement by which appellant and others desiring to locate a factory near Cicero, had agreed with an improvement company to purchase a large number of lots (of which appellant was to take one) at $200 each, payable part cash and part by note, the lots to be taken from lands thereafter to be purchased and platted, the mode of choice of lots to be subsequently determined.

The improvement company contracted with appellee for the factory, and agreed to furnish purchasers for 150 lots, on the terms and at the prices of its agreement with appellant and others.

In pursuance of this contract, appellee purchased and

platted the land, threw it open and staked off and numbered the lots.

Appellant and other subscribers to the fund met and determined the order of choice of lots. They then went upon the land and inspected the lots, and appellant "going upon said lot 216 and observing the number thereof upon the stake thereon, selected and took possession of the same as his choice," and the same was so recorded by the secretary of that meeting, and it was withdrawn from the remaining subscribers' selections and "thereafter the plaintiff nor its grantors neither had nor exercised nor claimed any possession nor dominion over the said lot 216."

The rule is established that the special verdict, when fairly and reasonably construed, must, in direct terms or by necessary inference, find all the facts essential to appellee's right of recovery. *Lake Erie, etc., R. R. Co.* v. *McHenry,* 10 Ind. App. 525.

The facts here found are not sufficient to make valid and enforceable the parol contract. It nowhere appears that appellee was present at the subscribers' meeting, or in any way consented to appellant's taking possession of the lot, or that it had any knowledge thereof. It does not appear that appellant subsequently thereto continued in possession or exercised any acts of ownership over the lot, or claimed any interest therein. There is nothing to indicate that under the contract of purchase appellant had any right to take possession of the lot until he settled for it and received a deed. The purchasers were to select their lots, but a right of selection and right of possession are altogether different things. It could hardly be the law that a band of proposed purchasers would have a right, in the absence of the owner and of any contract therefor, to go upon his land, parcel it out among themselves, take possession thereof and hold it

without making settlement or getting deeds. Had appellee delivered the possession or consented thereto, then another question would be presented.

It is true it is found that appellee did not thereafter exercise any dominion over the lot. That, however, was unnecessary to the maintenance of its rights thereto. It was the owner and entitled to so continue without exercising any acts of dominion over the lot. Its own failure to so do is by no means a finding that it consented for some one else to do so.

In *Neal* v. *Neal*, 69 Ind. 419, it is said: "In order that possession may take such case out of the statute of frauds, it must appear that such possession was taken under and by virtue of the contract and with the knowledge and consent of the vendor."

We are of opinion that under these findings the possession was not taken under the contract, nor with the vendor's consent. Under such circumstances, the appellee had no right of recovery. *Swales* v. *Jackson*, 126 Ind. 282; *Johnson* v. *Pontious*, 118 Ind. 270; *Judy* v. *Gilbert*, 77 Ind. 96; *Rucker* v. *Steelman*, 73 Ind. 396; *Moore* v. *Higbee*, 45 Ind. 487.

Judgment reversed, with instructions to the trial court to order a new trial, with leave to amend the complaint.

Filed June 5, 1895.